**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ROSALES, | No. 07-56105 |
| Petitioner - Appellant, | D.C. No. CV-06-02327-JTM |
| v. | |
| ROBERT A. HOREL, Warden; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

California state prisoner Miguel Rosales appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The California Court of Appeal denied Rosales' Sixth Amendment challenge to his upper term sentence "by applying a rule of decision contrary to clearly established Supreme Court precedent." *See Butler v. Curry*, 528 F.3d 624, 640 (9th Cir.), *cert. denied* 129 S. Ct. 767 (2008); *see also* 28 U.S.C. § 2254(d); *Cunningham v. California*, 549 U.S. 270, 288-89 (2007) (holding that California's determinate sentencing law violates the Sixth Amendment). The state's contention that *Cunningham* is a new procedural rule of constitutional law that does not apply retroactively on collateral review is foreclosed. *See Butler*, 528 F.3d at 639.

Applying de novo review to the constitutional claim, *see id*. at 641, the Sixth Amendment violation was harmless error. The record discloses that the trial court imposed the upper term sentence based, in part, upon the aggravating circumstance that Rosales' prior performance on probation or parole was unsatisfactory. The probation report considered by the trial court at sentencing contains ample evidence to support a jury finding of that aggravating circumstance beyond a reasonable doubt. The fact that the finding was made by the trial court rather than the jury did not have a substantial and injurious effect on Rosales' sentence. *See id.* at 648; *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir. 2001).

**AFFIRMED.**